**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4858**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

CENOGY JOSEPH, a/k/a Goddy, a/k/a Joseph Cenogy,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (5:08-cr-00003-gec-bwc-1)

───────────

Submitted:  June 17, 2009          Decided:  July 7, 2009

───────────

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Larry W. Shelton, Federal Public Defender, Frederick T. Heblich, Jr., Assistant Federal Public Defender, Christine Madeleine Spurell, Research and Writing Attorney, Charlottesville, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Jeb T. Terrien, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cenogy Joseph pleaded guilty, pursuant to a plea agreement, to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). The district court departed upward pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3 (2007), and sentenced Joseph to sixty months of imprisonment.

On appeal, Joseph argues that his sentence is unreasonable because the factors relied on by the district court in deciding to depart upward were already taken into account by the Sentencing Guidelines. He asserts that his criminal history category did not understate his criminal history because he had no prior sentences that were not used in computing his criminal history and had no prior sentence of more than one year; and that his likelihood of recidivism was accounted for in the Guidelines calculations.

"Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness. 128 S. Ct. at 594, 597. Reasonableness review

2

requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 597.

Here, Joseph does not challenge the procedural reasonableness of the sentence; he does not allege that the district court erred in its calculation of the Guidelines range, failed to adequately explain its sentence, or failed to apply the § 3553(a) factors. Instead, Joseph attacks the substantive reasonableness of the sentence, contending that the recommended Guidelines range adequately accounts for his criminal history. When reviewing substantive reasonableness, this court "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. That this court would have reached a different result in the first instance is insufficient reason to reverse the district court's sentence. Id.

A district court may depart upward from the Guidelines range under USSG § 4A1.3(a) when "the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1). Commentary to this Guideline states that, "[i]n determining whether an upward departure from Criminal History Category VI is

3

warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." USSG § 4A1.3 cmt. n.2(B). "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports the 'degree of the variance'; thus, 'a major departure should be supported by a more significant justification than a minor one.'" <u>United States v. Evans</u>, 526 F.3d 155, 161 (4th Cir. 2008) (quoting <u>Gall</u>, 128 S. Ct. at 597).

Our review of the record leads us to conclude that the district court did not abuse its discretion in sentencing Joseph. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>